FILED

Thomas J. Polis - Bar No. 119326
**POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
19900 MacArthur Boulevard, Suite 960
Irvine, California 92612-8420
Telephone: (949) 862-0040
Facsimile: (949) 862-0041
E-Mail: tom@polis-law.com

Counsel for Karl T. Anderson, Chapter 7 Trustee

05 APR 12 AM II: 34
CENTRAL BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____DEPUTY

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. RS 01-17048 MJ |
| **MICHAEL ELWOOD MALOOF**<br>**and NANETTE ANN MALOOF,** | Chapter 7 |
| Debtors. | **CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION FOR ORDER RE: OBJECT TO OR RECLASSIFY CERTAIN PROOFS OF CLAIMS FILED AGAINST THE DEBTOR'S BANKRUPTCY ESTATE; DECLARATION IN SUPPORT OF CLAIMS OBJECTIONS** |

| Claim No. | Claimant |
|---|---|
| 6 | Lease and Rental Management |
| 13 | Armando Chavez |
| 14 | Oscar Chavez |
| 15 | T. Roddy Normandin, Esq. |
| 18 | Benjamin Galindo |
| 28 | Lease and Rental Management |
| 31 | Arrowhead Central Credit Union |

**Hearing:**
**Date: May 10, 2005**
**Time: 10:00 a.m.**
**Place: Courtroom 302, Third Floor**
**3420 Twelfth Street**
**Riverside, California 92501**

        **PLEASE TAKE NOTICE**, Karl T. Anderson, in his capacity as Chapter 7 Trustee of the

bankruptcy estate of Michael and Nanette Maloof, Case No. RS 01-17048 MJ ("Debtors), will

move the Honorable Meredith A. Jury, United States Bankruptcy Judge, at the above-captioned

time and place to either object to or reclassify the proof of claims itemized herewith.

///

C:\Shared Data\TJP\CASES\Maloof\Pleadings\MtnClaimsObj040905.wpd

| Claim No. | Claimant | Requested Disposition |
|-----------|----------|----------------------|
| 6 | Lease and Rental Management | Reclassify claim as a non-priority unsecured claim. |
| 13 | Armando Chavez | Claim subordinated or disallowed pursuant to §502(d). |
| 14 | Oscar Chavez | Claim subordinated or disallowed pursuant to §502(d). |
| 15 | T. Roddy Normandin, Esq. | Claim subordinated or disallowed pursuant to §502(d). |
| 18 | Benjamin Galindo | Reclassify claim as a non-priority unsecured claim. |
| 28 | Lease and Rental Management | Object to any portion of claim adding post-petition interest and/or post-petition attorneys' fees. |
| 31 | Arrowhead Central Credit Union | Reclassify claim as a non-priority unsecured claim. Further to the extent post-petition attorneys fees are included those should be denied under §506. |

**PLEASE TAKE FURTHER NOTICE** that if any of the claimants or their representatives oppose the Chapter 7 Trustee's Claims Objections, such written opposition shall on or before 14 calendar days before the above-captioned hearing date file with the Clerk of the Court and serve via first class mail the Chapter 7 Trustee's counsel at the address provided herein.

**PLEASE TAKE FURTHER NOTICE** that failure of any claimant itemized herein or other party in interest to timely and properly respond to the Chapter 7 Trustee's Claims Objections shall be deemed consent to all of the relief requested herein.

**DATED: APRIL 9, 2005**

POLIS & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

By: _____
Thomas J. Polis
**Counsel for Karl T. Anderson, Chapter 7 Trustee**

POLIS & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
19900 MacArthur Boulevard, Suite 960
Irvine, California 92612-8420
Telephone 949.862.0040 ♦ Facsimile 949.862.0041
tpolis@polis-law.com

I.

**FACTUAL SUMMARY IN SUPPORT OF**

**CHAPTER 7 TRUSTEE'S CLAIMS OBJECTION MOTION**

1.      On or about April 23, 2001, the Debtors, Michael and Nanette Maloof filed the above-captioned Chapter 7 bankruptcy case. Soon thereafter, Movant, Karl T. Andersen, was appointed the interim then the permanent Chapter 7 Trustee to administer the Debtors' bankruptcy estate.

2.      In conjunction with the Chapter 7 Trustee's administration of the Debtors' bankruptcy estate, the Trustee initially set a Claims Bar Date of July 31, 2001. The Claims Bar Date was later extended to January 2, 2002 pursuant to an order entered by the Court on about October 12, 2001.

3.      On or before the July 31, 2001 and the extended October 2, 2002 Claims Bar Dates, the following claims were filed:

| Claim No. | Claimant | Claim Amount |
|---|---|---|
| 6 | Lease and Rental Management | $1,067,003.80 |
| 13 | Armando Chavez | $1,000,000.00 |
| 14 | Oscar Chavez | $1,000,000.00 |
| 15 | T. Roddy Normandin, Esq. | $1,000,000.00 |
| 18 | Benjamin Galindo | $214,738.51 |
| 28 | Lease and Rental Management | $1,074,141.00 |
| 31 | Arrowhead Central Credit Union | $507,767.97 |

All of the Proof of Claims itemized herein are attached as exhibits to the Chapter 7 Trustee's Request for Judicial Notice filed concurrently herewith.

4.      The Chapter 7 Trustee is in the final stages of administering the Debtors' bankruptcy estate, and thus is requesting that the Court sustain the Claims Objections noted herein.

///

///

///

///

POLIS & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
19900 MacArthur Boulevard, Suite 960
Irvine, California 92612-8420
Telephone 949.862.0040 ◆ Facsimile 949.862.0041
tjpm@polis-law.com

II.

**POINTS AND AUTHORITIES IN SUPPORT OF THE**

**CHAPTER 7 TRUSTEE'S CLAIMS OBJECTIONS**

**A.**    **THE COURT SHOULD SUSTAIN THE TRUSTEE'S OBJECTION TO CLAIM NO. 6 (LEASE AND**

**RENTAL MANAGEMENT CORP.) SINCE THERE IS NO COLLATERAL FOR CLAIM NO. 6 TO CONSTITUTE**

**AN ALLOWED SECURED CLAIM**

A review of Claim No. 6 shows that the Claimant, Lease and Rental Management asserts a secured claim in the amount of $1,067,003.80. However, the Debtors' bankruptcy estate has never had possession or control of any of vehicles or proceeds thereto that would constitute the collateral described in Claim No. 6.

Section 506 of the Bankruptcy Code provides in part:

§506. **Determination of secured status**.

> (a)    **An allowed claim of a creditor secured by a lien on property in which the estate has an interest**, or that is subject to setoff under Section 553 of this title, **is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim for the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim**. (Emphasis added.)

In this case, the Chapter 7 Trustee on behalf of the Debtors' bankruptcy estate never had possession or control of any of the items that appear to be the collateral base covered by the claimant's security agreement. Consequently, Claim No. 6 of Lease and Rental Management shall be reclassified as a non-priority unsecured creditor.

///

///

///

///

///

///

///

POLIS & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
19900 MacArthur Boulevard, Suite 960
Irvine, California 92612-8420
Telephone 949.862.0040 ♦ Facsimile 949.862.0041
tom@polis-law.com

**B.      THE COURT SHOULD SUSTAIN THE TRUSTEE'S OBJECTIONS TO CLAIMS 13, 14, AND 15 SINCE THE TRUSTEE HOLDS AN UNSATISFIED JUDGMENT AGAINST THE CLAIMANTS, THUS PURSUANT TO SECTION 502(d) OF THE BANKRUPTCY CODE THE CLAIMS SHOULD BE DISALLOWED**

Section 502(d) of the Bankruptcy Code provides in part:

(d)      Notwithstanding subsections (a) and (b) of this section, **the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550 or 553** of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549 or 724(a) of this title, **unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 52200, 542, 543, 550, or 553 of this title.** (Emphasis added.)

*See* generally, *In re Odom Antennas, Inc.*, 340 F.3d 705 (8th Cir. 2003) (Eighth Circuit Court of Appeals held that section 502(d) should be used to disallow a claim of an entity assuming the claimant is first adjudged liable to the bankruptcy estate. If no party has obtained a judgment under any of the provisions listed in section 502(d), the section is not applicable).

In this case, the Chapter 7 Trustee obtained a judgment in the amount of $50,000.00 against Claimants, Armando Charez (Claim No. 13), Oscar Charez (Claim No. 14), and the related corporate entity, LA Amigos, Inc. (Claim No. 15, through their attorneys of record, T. Roddy Normandin, Esq.).  Specifically, the Chapter 7 Trustee's $50,000.00 unsatisfied judgment against Claimants 13, 14 and 15 was entered by this Court on November 3, 2003 in the Adversary Proceeding; *Maloof (Karl T. Andersen) v. Amando Charez, et seq.*, Adversary No. RS 01-1239 MJ.  Attached to the Declaration of Karl T. Andersen, Chapter 7 Trustee, is a true and correct copy of the unsatisfied $50,000.00 judgment in favor of the Chapter 7 Trustee.  At no point in time since the Trustee obtained the $50,000.00 judgment against Claimants 13, 14 and 15 have any payments been paid on account of the judgment.

Consequently the Court should sustain the Chapter 7 Trustee's objection to Claim Nos. 13, 14 and 15, pursuant to Section 502(d) at the Bankruptcy Code in conjunction with the Chapter 7 Trustee's unsatisfied $50,000.00 judgment in his favor and against the Claimants.

///

POLIS & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
19900 MacArthur Boulevard, Suite 960
Irvine, California 92612-8420
Telephone 949.862.0040 ◆ Facsimile 949.862.0041
tom@polis-law.com

1  **C.     THE COURT SHOULD SUSTAIN THE CHAPTER 7 TRUSTEE'S OBJECTION TO CLAIM NO. 18 AS**

2  **A NON-PRIORITY SECURED CLAIM SINCE THE CHAPTER 7 TRUSTEE DID NOT ADMINISTER THE**

3  **COLLATERAL DESCRIBED IN THE PROMISSORY NOTE ATTACHED TO THE PROOF OF CLAIM**

4         Section 506 of the Bankruptcy Code provides:

5                **§506.  Determination of secured status.**

6                       (a)     **An allowed claim of a creditor secured by a lien
                on property in which the estate has an interest**, or that is

7                subject to setoff under Section 553 of this title, **is a secured
                claim to the extent of the value of such creditor's interest in**

8                **the estate's interest in such property . . . and is an unsecured
                claim for the extent that the value of such creditor's**

9                **interest . . . is less than the amount of such allowed claim.**
                (Emphasis added.)

10

11         In this case, the only collateral referred to in the Claimant's Proof of Claim, and

12  accompanying Promissory Note, is an assignment of a beneficial interest under a deed of trust,

13  that was initially held by the Debtors.  Specifically, the Deed of Trust referenced in Claim No. 18

14  encumbered the commercial real property located at 10038 Locust Street, Bloomington,

15  California 92316.  Though the Chapter 7 Trustee attempted to liquidate the estate's beneficial

16  interest therein, due to substantial priority and secured tax claims against the prior owner of the

17  Bloomington Property, the Internal Revenue Service eventually obtained relief from the

18  automatic stay to foreclose on the Bloomington Property.  Attached hereto as Exhibit "B" to the

19  Declaration of Karl T. Andersen is a true and correct copy of the Court's March 27, 2003 Stay

20  Relief Order.

21         Consequently, since there was no collateral that was administered by the Chapter 7

22  Trustee covered by the Claimant's Promissory Note, the Chapter 7 Trustee respectively

23  requests that the Court re-classify Claim No. 18 as from a secured claim to a non-priority

24  unsecured claim.

25  ///

26  ///

27  ///

28  ///

POLIS & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
19900 MacArthur Boulevard, Suite 960
Irvine, California 92612-8420
Telephone 949.862.0040 ◆ Facsimile 949.862.0041
tom@polis-law.com

**D.    THE COURT SHOULD DISALLOW CLAIM NO. 28 TO THE EXTENT IT SEEKS ANY POST-PETITION FEES, INTEREST OR OTHER CHARGES THAT WOULD NOT BE ALLOWED TO AN UNSECURED CREDITOR PURSUANT TO SECTION 506(B) OF THE BANKRUPTCY CODE**

Section 506(b) of the Bankruptcy Code provides:

> **(b)    To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim** there shall be allowed to the holder of such claim, **interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.**  (Emphasis added.)

As noted herein in conjunction with the Chapter 7 Trustee's Objection to Claim No. 6, it is undisputed that Claim No. 28 of Lease and Rental Management is a non-priority unsecured claim and not a secured claim.  Consequently, since Claimant Lease and Rental Management (Claim No. 6 and 28) holds an unsecured claim, the Claimant is not entitled to add any post-petition interest or attorneys' fees to its claim.  Section 506(b) of the Bankruptcy Code supports the basis for the Trustee's Objection to Claim No. 28.

Therefore, the Chapter 7 Trustee respectfully requests that the Court disallow any part of Claim No. 28 that attempts to add either attorneys' fees or post-petition interest to its previously asserted non-priority unsecured claim (Claim No. 6).

**E.    THE COURT SHOULD SUSTAIN THE TRUSTEE'S OBJECTION TO CLAIM NO. 28 (ARROWHEAD CENTRAL CREDIT UNION) IN THAT CLAIM NO. 28 SHOULD BE RECLASSIFIED AS A NON-PRIORITY UNSECURED CLAIM, NOT A SECURED CLAIM**

Section 506(a) of the Bankruptcy Code provides in part:

> §506.  Determination of secured status.
>
> **(a)    An allowed claim of a creditor secured by a lien on property in which the estate has an interest**, or that is subject to setoff under Section 553 of this title, **is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim for the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.** (Emphasis added.)

///

///

POLIS & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
19900 MacArthur Boulevard, Suite 960
Irvine, California 92617-8420
Telephone 949.862.0040 ◆ Facsimile 949.862.0041
tom@polis-law.com

1     In this case, Claimant Arrowhead Central Credit Union, properly reduced its previously

2    filed proof of claim by the proceeds it received from the liquidation of its collateral.  However,

3    the Chapter 7 Trustee believes the Claimant incorrectly classified its reduced claim as a

4    secured claim when in fact the claim should be classified as a non-priority unsecured claim.

5

6                    **III.**

7               **CONCLUSION**

8     For the reasons noted herein, the Chapter 7 Trustee respectfully requests the Court to

9    sustain its objections to the claims itemized herein.

10

11   **DATED: APRIL 9, 2005**        **POLIS & ASSOCIATES**
                                   **A PROFESSIONAL LAW CORPORATION**

12

13

14                          **By:**_____
                                   **Thomas J. Polis**

15                                 **Counsel for Karl T. Anderson, Chapter 7 Trustee**

16

17

18

19

20

21

22

23

24

25

26

27

28

P O L I S  &  A S S O C I A T E S
A PROFESSIONAL LAW CORPORATION
19900 MacArthur Boulevard, Suite 960
Irvine, California 92612-8420
Telephone 949.862.0040 ♦ Facsimile 949.862.0041
tom@polis-law.com

## **DECLARATION OF KARL T. ANDERSON**

I, Karl T. Anderson, declare as follows:

1.       I am the Chapter 7 Trustee for the bankruptcy estate of Michael and Nanette Maloof, Case No. RS 01-17048 MJ.  I make this declaration in support of my *Notice Of Motion And Motion For Order Re: Object To Or Reclassify Certain Proofs Of Claims Filed Against The Debtor's Bankruptcy Estate.*  If compelled to do so, I would be able to competently testify under penalty of perjury to all of the facts stated herein.

2.       On or about April 23, 2001, the Debtors, Michael and Nanette Maloof filed the above-captioned Chapter 7 bankruptcy case.  Soon thereafter, I was appointed the interim then the permanent Chapter 7 Trustee to administer the Debtors' bankruptcy estate.

3.       In conjunction with my administration of the Debtors' bankruptcy estate, I initially set a Claims Bar Date of July 31, 2001.  The Claims Bar Date was later extended to January 2, 2002 pursuant to an order entered by the Court on about October 12, 2001.

4.       On or before the July 31, 2001 and the extended October 2, 2002 Claims Bar Dates, the following claims were filed:

| Claim No. | Claimant | Claim Amount |
|-----------|----------|--------------|
| 6 | Lease and Rental Management | $1,067,003.80 |
| 13 | Armando Chavez | $1,000,000.00 |
| 14 | Oscar Chavez | $1,000,000.00 |
| 15 | T. Roddy Normandin, Esq. | $1,000,000.00 |
| 18 | Benjamin Galindo | $214,738.51 |
| 28 | Lease and Rental Management | $1,074,141.00 |
| 31 | Arrowhead Central Credit Union | $507,767.97 |

All of the Proof of Claims itemized herein are attached as exhibits to my Request for Judicial Notice filed concurrently herewith.

5.       I am in the final stages of administering the Debtors' bankruptcy estate, and thus is requesting that the Court sustain the Claims Objections noted herein.

6. On behalf of the Debtors' bankruptcy estate, I did not administer or ever take possession of any personal property itemized in the Claimant, Lease and Rental Management Corporation's Proof of Claims Nos. 6 and 28.

P O L I S  &  A S S O C I A T E S
A PROFESSIONAL LAW CORPORATION
19900 MacArthur Boulevard, Suite 960
Irvine, California 92612-8420
Telephone 949.862.0040 ◆ Facsimile 949.862.0041
tom@polis-law.com

7.    On or about November 3, 2003, I obtained a judgment in the amount of $50,000.00 in Adversary Proceeding No. RS 01-1239 MJ.  At no point either before or after entry of the $50,000.00 judgment, have any of the Claimants paid me on behalf of the Debtors' bankruptcy estate any amounts owing on the $50,000.00 judgment.  Attached hereto as Exhibit "A" is a true and correct copy of the $50,000.00 judgment.

8.    My counsel and I investigated the economic viability of liquidating the estate's beneficial interest in the deed of trust for the commercial real property located at 10038 Locust Street, Bloomington, California.  Eventually, due to senior secured tax claims of the prior owners of the Bloomington Property, the Court granted relief from the automatic stay to the Internal Revenue Service.  Attached hereto as Exhibit "B" is a true and correct copy of the March 27, 2003 Stay Relief Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this _____ day of ___April___ 2005, at __Palm Springs__, California.

_/s/_____
Karl T. Anderson

POLIS & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
19900 MacArthur Boulevard, Suite 960
Irvine, California 92612-8420
Telephone 949.862.0040 ◆ Facsimile 949.862.0041
tom@polis-law.com

**E X H I B I T    A**

1  Thomas J. Polis - Bar No. 119326
   POLIS & ASSOCIATES
2  A PROFESSIONAL LAW CORPORATION
   19900 MacArthur Boulevard, Suite 960
3  Irvine, California 92612-8420
   Telephone: (949) 862-0040
4  Facsimile: (949) 862-0041
   E-Mail: tom@polis-law.com
5
   Attorneys for Karl T. Anderson, Chapter 7 Trustee
6

**RECEIVED**
OCT 31 2003
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY          Deputy Clerk

**U.S. BANKRUPTCY COURT
FILED**
OCT 31 2003
Jon D. Ceretto, Clerk of Court
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

**ENTERED**
NOV - 3 2003
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

7              UNITED STATES BANKRUPTCY COURT

8      CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

9  In re                            )  Case No. RS 01-17048 MJ
                                    )
10 MICHAEL ELWOOD MALOOF            )  Chapter 7
   and NANETTE ANN MALOOF,          )
11                                  )  Adversary No. RS 01-1239 MJ
                                    )
              Debtors.              )
12 _____      )  JUDGMENT IN FAVOR OF PLAINTIFF-
                                    )  CHAPTER 7 TRUSTEE, KARL T. ANDERSON
13 MICHAEL ELWOOD MALOOF            )
   and NANETTE ANN MALOOF,          )
14                                  )      [NO HEARING REQUIRED]
              Plaintiffs.           )
15 v.                               )
                                    )
16 ARMANDO CHAVEZ, OSCAR CHAVEZ,    )
   and L.A. AMIGOS, INC.,           )
17                                  )
              Defendants.           )
   _____      )

18 In the above-captioned Adversary Proceeding, Karl T. Anderson, Chapter 7 Trustee, is awarded

19 a judgment in the amount of Fifty Thousand Dollars ($50,000.00) against Defendants Armando

20 Chavez, Oscar Chavez, and L.A. Amigos.  Furthermore, post-judgment interest will accrue on

21 the judgment as provided by law.

22

23 DATED: _____Oct 31_____, 2003

24                                    MEREDITH A. JURY
                                      UNITED STATES BANKRUPTCY JUDGE
25 SUBMITTED BY:

26 POLIS & ASSOCIATES
   A PROFESSIONAL LAW CORPORATION
27
   By: _____
28       Thomas J. Polis
         Attorneys for Karl T. Anderson,
         Plaintiff and Chapter 7 Trustee

C:\Shared Data\TJP\CASES\Maloof\Pleadings\Judgment 103003.wpd

1

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: Polis & Associates, a Professional Law Corporation, 19900 MacArthur Boulevard, Suite 960, Irvine, California 92612-8420.

On October **30**, 2003, I served the document named below on the parties in this action as follows:

DOCUMENT SERVED:    JUDGMENT IN FAVOR OF PLAINTIFF-CHAPTER 7 TRUSTEE KARL T. ANDERSON

__X__    By placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

| | | |
|---|---|---|
| Mark Schnitzer, Esq.<br>Reid & Hellyer<br>3880 Lemon Street, Fifth Floor<br>Post Office Box 1300<br>Riverside, California 92502-1300 | Office of the United States Trustee<br>Riverside Division<br>3685 Main Street, Suite 300<br>Riverside, California 92501 | Michael and Nanette Maloof<br>810 East Marshall Boulevard<br>San Bernardino, California 92404 |
| Mr. Armando Chavez<br>17770 Valley Boulevard<br>Bloomington, California 92316 | Mr. Oscar Chavez<br>17770 Valley Boulevard<br>Bloomington, California 92316 | L.A. Amigos, Inc.<br>17770 Valley Boulevard<br>Bloomington, California 92316 |

__X__    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with fist class postage, thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____    **BY PERSONAL SERVICE:** I arranged to have DDS Legal Support Systems deliver said envelope(s) by hand to the person(s) stated herein or on the attached service list. An additional proof of service will be signed by the courier and filed at a later date, if necessary.

____    **BY FACSIMILE:** I transmitted a true and correct copy of the above-referenced document from a facsimile machine at Polis & Associates, a Professional Law Corporation, whose facsimile number is (949) 862-0041 to the interested parties in this action as indicated herein or on the attached service list. Said service list includes the name and facsimile number of each party served. The above described transmission(s) was/were reported as complete, without error, by a communication journal issued by the facsimile machine.

____    **BY FEDERAL EXPRESS:** I am readily familiar with the practice of Polis & Associates, a Professional Law Corporation, for collection and processing of documents for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

____    **BY OVERNIGHT COURIER:** The above-referenced document was sent to each party indicated herein or on the attached service list by Golden State Overnight Courier for delivery the next business morning. A tracking number has been assigned for each package delivered and the tracking numbers have been recorded for our records.

____    **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__    **FEDERAL:** I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October **30**, 2003, at Irvine, California.

_Christine Sepulveda_
Christine Sepulveda

| In re | Chapter 7 |
|---|---|
| **MICHAEL ELWOOD MALOOF** <br> **and NANETTE ANN MALOOF,** | **Case No. RS 01-17048 MJ** |
| Debtors. | |

## NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

1.    You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1(1)(a)(v), that a
judgment or order entitled:

    **JUDGMENT IN FAVOR OF PLAINTIFF-CHAPTER 7 TRUSTEE,**
**KARL T. ANDERSON**

was entered on:    NOV - 3 2003

2.    I hereby certify that I mailed a copy of this notice and a true copy of the order or
judgment of the persons and entities on the attached service list on:

NOV -3 2003

Dated:    NOV -3 2003

                            JON D. CERETTO
                            Clerk of the Bankruptcy Court

                            By:
                            Deputy Clerk

C:\Shared Data\TJP\CASES\Maloof\Pleadings\Judgment 103003.wpd

# S E R V I C E   L I S T

Mark C. Schnitzer, Esq.
Reid & Hellyer, a Professional Corporation
3880 Lemon Street, Fifth Floor
Post Office Box 1300
Riverside, California 92502-1300

Office of the United States Trustee
Riverside Division
3685 Main Street, Suite 300
Riverside, California 92501

Mr. Armando Chavez
17770 Valley Boulevard
Bloomington, California 92316

Mr. Oscar Chavez
17770 Valley Boulevard
Bloomington, California 92316

L.A. Amigos, Inc.
17770 Valley Boulevard
Bloomington, California 92316

Karl T. Anderson, Trustee
700 E. Tahquitz Canyon Way, Suite H
Palm Springs, California 92262

Thomas J. Polis
Polis & Associates, a Professional Law Corporation
19900 MacArthur Boulevard, Suite 960
Irvine, California 92612

**E X H I B I T    B**

ORIGINAL

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number

☐ Individual appearing without counsel
☒ Attorney for: the United States of America

FOR COURT USE ONLY

FILED
MAR 26 2003
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

RECEIVED
MAR 26 2003
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

ENTERED
MAR 27 2003
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:
   Maloof, Michael E. & Nanette A.

                                            Debtor(s).

CHAPTER: 7

CASE NO.: 0117048 MJ

DATE: 3/13/03
TIME: 10:00 a.m.
CTRM: 302
FLOOR: Third

## ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (Real Property)
### (MOVANT: The United States of America                    )

1. The Stay Motion was: ☐ Contested   ☒ Uncontested   ☐ Settled by stipulation

2. The Stay Motion affects the following real property (the "Property"):
   Street Address: 10038 Locust Street
   Apartment/Suite no.:
   City, State, Zip Code:Bloomington, CA 92316

   Legal description or document recording number (including county of recording):

   ☒ See attached page.

3. The Motion is granted under:   ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
   a.   ☐ Terminated as to Debtor and Debtor's bankruptcy estate.
   b.   ☒ Annulled retroactively to the date of the bankruptcy petition filing.
   c.   ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

(Continued on next page)

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 1999

351RP

148

Order on Motion for Relief from Stay (Real Property) - *Page 2 of ___*          **351RP**

| In re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| Maloof, Michael E. & Nanette A. | | Debtor(s). | CASE NO.: 0117048 MJ |

5. ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant shall not conduct a foreclosure sale before the following date (*specify*):

7. ☒ Any post-petition acts taken after the effective date of this Order by Movant to enforce its remedies in accordance with applicable non-bankruptcy law against the Debtor(s) or property of the estate shall not constitute a violation of the stay in this bankruptcy case.

8. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

9. ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

10. This Court further orders as follows:

    a. ☒ This Order shall be binding and effective in any bankruptcy case commenced by or against the Debtor(s) for a period of 180 days from the hearing of this Motion.

    b. ☒ The 7-day waiting period provided by California Civil Code § 2924g(d) is waived.

    c. ☒ The 10-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

    d. ☐ See Extraordinary Relief Attachment (*Use Optional Form 351ER*) for additional provisions.

    e. ☐ See attached continuation page for additional provisions.

Dated:    3-26-03

UNITED STATES BANKRUPTCY JUDGE

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Order on Motion for Relief from Stay (Real Property) - *Page 3 of* ___     **351RP**

| In re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| Maloof, Michael E. & Nanette A. | | Debtor(s). | CASE NO.: 0117048 MJ |

## ADEQUATE PROTECTION ATTACHMENT
## (MOVANT: _____ )

*(This Attachment is the continuation page for Paragraph 8 of the Order on the Stay Motion)*

The stay shall remain in effect subject to the following terms and conditions:

1. ☐ The Debtor(s) tendered payments at the hearing in the amount of $_____.

2. ☐ The Debtor(s) shall make regular monthly payments in the amount of $_____ commencing _____.

3. ☐ The Debtor(s) shall cure the post-petition default computed through _____, in the sum of $_____ as follows:

    a. ☐ In equal monthly installments of $_____ each commencing _____, and continuing thereafter through and including _____,

    b. ☐ By paying the sum of $_____ on or before _____,

    c. ☐ By paying the sum of $_____ on or before _____,

    d. ☐ By paying the sum of $_____ on or before _____,

    e. ☐ Other:

4. ☐ The Debtor(s) shall file a Disclosure Statement and Plan on or before *(specify date)*:
    Disclosure Statement shall be approved on or before *(specify date)*:
    The Plan shall be confirmed on or before *(specify date)*:

5. ☐ Upon any default in the foregoing terms and conditions, Movant shall serve written notice of default to Debtor(s), and any attorney for Debtor(s). If Debtor(s) fails to cure the default within ten (10) calendar days after mailing of such written notice:

    a. ☐ The stay shall automatically terminate without further notice, hearing or order.

    b. ☐ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the Court may grant without further notice or hearing.

    c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with Local Bankruptcy Rules.

    d. ☐ The Movant may move for relief from the stay on regular notice.

6. ☐ The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Property and/or against the Debtor(s).

7. ☐ See attached page for additional provisions.

| |
|---|
| Judge's Initials |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 1999*                                 **351RP**

Legal Description for the Property at Issue

Residence, commonly known as 10038 Locust Street, City of Bloomingdale, County of San
Bernardino, State of California, Parcel No. 0252051410000, situated on approximately 3.40 acres of
real property, described as the South one-half of Lot 89, MARYGOLD ACRES, as per plat recorded
in Book 19 of Maps, Pages 15 and 16, records of said County.  EXCEPT the East 130 feet of the
North 80 feet.  ALSO EXCEPT the South 40 feet measured from the original center line of Colton
Avenue, 60 feet wide.

Order on Motion for Relief from Stay (Real Property) - *Page 4 of ___*     **351RP**

| In re (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|
| Maloof, Michael E. & Nanette A. | Debtor(s). | CASE NO.: 0117048 MJ |

## NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

**TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:**

1.  You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1, that an ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (in whole or in part) was entered on *(specify date):*

    MAR 27 2003

2.  I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the persons and entities on the attached service list on *(specify date):*

    MAR 27 2003

    see attached

Dated:    MAR 27 2003

                    **JON D. CERETTO**
                    **Clerk of the Bankruptcy Court**

            By:    *Rudy De La Torre*
                            *Deputy Clerk*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 1999*                                   **351RP**

1

# SERVICE LIST

2

Debtors' Counsel

3

Mark C. Schitzer, Esq.
P.O. Box 71
665 N. Arrowhead Ave.
San Bernardino, CA 92402

4

5

6

Debtors

7

Michael & Nanette Maloof
810 E. Marshall Blvd.
San Bernardino, CA 92404

8

9

Chapter 7 Trustee

10

Karl T. Anderson
700 E. Tahquitz Cyn. Way, Suite H.
Palm Springs, CA 92262

11

12

Attorney for Chapter 7 Trustee

13

Thomas J. Polis, Esq.
19900 MacArthur Blvd, Suite 950
Irvine, CA 92612

14

15

Attorney for the United States of America

16

Nguyen Hong Hoang
Special Assistant United States Attorney
24000 Avila Road, M/S 8800
Laguna Niguel, California 92677

17

18

19

20

21

22

23

24

25

26

27

28

### PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: Polis & Associates, a Professional Law Corporation, 19900 MacArthur Boulevard, Suite 960, Irvine, California 92612-8420.

On **April 11, 2005**, I served the document named below on the parties in this action as follows:

DOCUMENT SERVED:    **CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION FOR ORDER RE: OBJECT TO OR RECLASSIFY CERTAIN PROOFS OF CLAIMS FILED AGAINST THE DEBTOR'S BANKRUPTCY ESTATE; DECLARATION IN SUPPORT OF CLAIMS OBJECTIONS**

__X__    By placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

### SEE ATTACHED SERVICE LIST

__X__    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with fist class postage, thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____    **BY PERSONAL SERVICE:** I arranged to have DDS Legal Support Systems deliver said envelope(s) by hand to the person(s) stated herein or on the attached service list. An additional proof of service will be signed by the courier and filed at a later date, if necessary.

_____    **BY FACSIMILE:** I transmitted a true and correct copy of the above-referenced document from a facsimile machine at Polis & Associates, a Professional Law Corporation, whose facsimile number is (949) 862-0041 to the interested parties in this action as indicated herein or on the attached service list. Said service list includes the name and facsimile number of each party served. The above described transmission(s) was/were reported as complete, without error, by a communication journal issued by the facsimile machine.

_____    **BY FEDERAL EXPRESS:** I am readily familiar with the practice of Polis & Associates, a Professional Law Corporation, for collection and processing of documents for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

_____    **BY OVERNIGHT COURIER:** The above-referenced document was sent to each party indicated herein or on the attached service list by Golden State Overnight Courier for delivery the next business morning. A tracking number has been assigned for each package delivered and the tracking numbers have been recorded for our records.

_____    **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__    **FEDERAL:** I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **April 11, 2005**, at Irvine, California.

Thomas Polis

# S E R V I C E   L I S T

Michael and Nanette Maloof
810 East Marshall Blvd.
San Bernardino, California 92404

Mark Schnitzer, Esq.
Reid & Hellyer
3880 Lemon Street, Fifth Floor
Post Office Box 1300
Riverside, California 92502-1300

Karl T. Anderson
700 E. Tahquitz Canyon Way, Suite H
Palm Springs, California 92262

Office of the United States Trustee
Riverside Division
3685 Main Street, Suite 300
Riverside, California 92501

Arrowhead Central Credit Union
Post Office Box 735
San Bernardino, CA 92402-0735
   Attn: Officer/Director

Armando Chavez
9648 Lemon Street
Fontana, California 92335

L.A. Amigos Auto Sales, Inc.
Armando Chavez
9648 Lemon Street
Fontana, California 92335

Benjamin Galindo
2069 S. Pacific Avenue
Santa Ana, California 92704

Duane Tyler, Esq.
Moore, Brewer, Jones & Tyler
4180 La Jolla Village Dr., Suite 540
La Jolla, California 92037-1474

Lazaro Eloy Fernandez, Esq.
3403 10th Street, Suite 714
Riverside, California 92501

Lease and Rental Management Corp.
d/b/a Auto Use/Auto Loan
45 Haverhill
Andover, MA 01810

Maita Deal Prout, Esq.
Holland & Knight, LLP
633 W. 5th Street, 21st Floor
Los Angeles, California 90071-2040

Oscar Chavez
17770 Valley Boulevard
Bloomington, California 92316

Ralph Leon Sims, Esq.
Winn & Sims
110 E. Wilshire Avenue, Suite 212
Fullerton, California 92832

Ralph Leon Sims, Esq.
Winn & Sims, APC
2323 W. Lincoln Avenue, Suite 101
Anaheim, California 92801

Tom Roddy Normandin, Esq.
Prenovost, Normandin, et. al.
2020 East First Street, #500
Santa Ana, California 92705-4033

Tom Roddy Normandin, Esq.
Prenovost, Normandin
2122 N. Broadway, Suite 200
Santa Ana, California 92706-2614